IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE RAYMOND FLORES, 1069315, )<br>    Plaintiff, )<br>v. )<br>    )<br>KEVIN PRICE, ET AL., )<br>    Defendants. ) | No. 3:11-CV-2194-G |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Texas Department of Criminal Justice ("TDCJ") employees Kevin Price, John Key, Debbie Iredell, Avarian Mendez, Guy Smith and the Correctional Managed Health Care Committee, the Joint Utilization Review Committee and the Joint Peer Committee.

Plaintiff states he was diagnosed with hepatitis C in 2005. In 2009, he returned to TDCJ where his hepatis was monitored with blood tests for ten months. The blood tests showed his ALT and AST levels were elevated. In January, 2011, it was determined he needed a liver biopsy to see if there was any damage to his liver. Plaintiff states this biopsy has been continually postponed and that he does not have a date for the biopsy. He also states he has not received treatment for his hepatitis. Plaintiff seeks treatment for his hepatitis and a liver biopsy.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**  Page -1-

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### 1. Defendants from other Units

Plaintiff seeks treatment for his hepatitis and a liver biopsy. He names as Defendants a number of TDCJ employees from prison units where he is no longer incarcerated. Plaintiff is currently incarcerated at the Sanders Estes Unit in Venus, Texas. He names as Defendants John Key from the John Sealy Unit in Hondo, Texas; Kevin Price from Galveston, Texas; and Avarian Mendez from a transfer facility in Beeville, Texas. Plaintiff has failed to show that these TDCJ employees have any authority to provide Plaintiff with medical care while he is housed at the Sanders Estes Unit. These Defendants should therefore be dismissed.

### 2. Defendants Iredell and Smith

Defendant Debbie Iredell is a nurse at the Sanders Estes Unit. Plaintiff states Iredell delayed obtaining treatment for Plaintiff by signing his Step 1 grievance. He also states she told him she did not know why he was not placed on the medical chain for his doctor appointment.

Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id*. 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff submitted a copy of his Step 1 grievance. It shows that in June, 2011, Defendant Iredell responded to his grievance by stating that Plaintiff had been scheduled to meet with a hepatitis specialist, but through no fault of Plaintiff's, he was not placed on the medical chain for the appointment. Iredell stated Plaintiff was scheduled to meet with the hepatitis specialist the following month.

Plaintiff also claims Guy Smith delayed his medical care by signing the denial of his Step 2 grievance. The grievance submitted by Petitioner shows that Defendant Smith denied the grievance by writing that Plaintiff was scheduled to see the hepatitis specialist in July, 2011. Although Plaintiff does not state whether he saw the hepatitis specialist in July, 2011, he does state that he met with a hepatitis specialist in October, 2011. Plaintiff has failed to establish that

Defendants Iredell or Smith were deliberately indifferent to his medical needs. At most, his allegations amount to negligence. "[M]ere negligence, neglect or medical malpractice" do not constitute deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Petitioner's claims should be dismissed.

**3.     Committees**

Plaintiff names the Correctional Managed Health Care Committee, the Joint Utilization Review Committee and the Joint Peer Committee as Defendants. He states these committees are responsible for ensuring that prisoners receive adequate medical care. It appears that the Joint Utilization Review Committee and the Joint Peer Committee are part of the Correctional Managed Health Care Committee. The Correctional Managed Health Care Committee was created by statute and is an agency of the State of Texas. TEX. GOV'T CODE § 501.133. The doctrine of sovereign immunity bars suits against a state agency regardless of whether it seeks damages or injunctive relief. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Plaintiff's claims against these Defendants should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 24th day of January, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).